## Schubach et al., Appellants, *v.* Silver.

**422**

Argued April 28, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*J. Leon Rabben,* for appellants.

*Irvin Stander, John Mattioni,* Deputy City Solicitor, *Henry W. Sawyer, III,* with them *David W. Maxey, Ward T. Williams,* and *Drinker, Biddle & Reath,* and *Howard D. Scher,* Assistant City Solicitor, and *Martin Weinberg,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, August 9, 1972:

The parties to the instant appeal are no strangers to this Court, we having decided a prior appeal in this complex of litigation in *Schubach v. Zoning Bd. of Adj.,* 440 Pa. 249, 270 A. 2d 397 (1970). In that case, the present appellants, who were also appellants there, appealed from a decision of the Court of Common Pleas

of Philadelphia affirming a decision of the Zoning Board of Adjustment of Philadelphia.

The City of Philadelphia had rezoned a tract of land from R-4 to C-2, thereby allowing the erection of a nursing home for physically and mentally retarded persons. We found the zoning ordinance to be "a classic instance of spot zoning," declared the rezoning ordinance invalid and reversed.

Thereafter, construction of the premises continued under the building permit which had been issued by the City of Philadelphia subsequent to the rezoning but prior to our declaration of invalidity of that rezoning, which occurred on October 9, 1970. The continuance of construction led to a petition to this Court by the successful appellants for an order to enforce our decision of October 9, 1970. On January 29, 1971, we entered an order which, inter alia, directed that no further construction of the nursing home be continued nor any operation of that nursing home be commenced until after the determination of certain equity proceedings then pending in the Court of Common Pleas.

In the interim, on January 18, 1971, the City of Philadelphia rezoned a larger area, including the area previously rezoned, to C-2, and that rezoning has been found valid by the Court of Common Pleas of Philadelphia. Appellants have appealed that determination to this Court and have, in addition, requested that this Court impose sanctions on appellees for violation of this Court's order of January 29, 1971. Appellees have petitioned this Court for modification of our January 29, 1971, order.

The appeal on the merits in this equity action properly lies in the Commonwealth Court. 17 P.S. §211.402 (4), 17 P.S. §211.503(a) and (b). *L. 406, S.E.I. Union, AFL-CIO v. Lack. Co.*, 447 Pa. 603, 290 A. 2d 698 (1972), *Green T. Boro. v. Alleg. Co. Bd. of P. A.*, 446 Pa. 309, 285 A. 2d 165 (1971), *Pittsburgh F. Fighters*

*v. Pittsburgh*, 444 Pa. 616, 281 A. 2d 637 (1971). The modification of our order of January 29, 1971, or the imposition of sanctions for its violation are matters which we must consider and determine. We shall, therefore, transfer the appeal to the Commonwealth Court while retaining jurisdiction of the case insofar as it relates to the imposition of sanctions or any other proceedings relative to this Court's order of January 29, 1971.

Appeal transferred to the Commonwealth Court, where it should be treated as if originally filed in that Court on the date filed in this Court.

This Court retains jurisdiction insofar as the appeal deals with petitions requesting modification of, and petitions seeking the imposition of sanctions for the violation of, this Court's order of January 29, 1971, which matters will be disposed of by this Court in proceedings, the nature of which will be determined by further order of this Court.